UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZACHARY CASTANEDA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>OWNER UCI MEDICAL CENTER, et al.,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. SACV 21-2060-FMO (AGR)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT RECOMMEND (1) DENIAL OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES; AND (2) DISMISSAL OF COMPLAINT AS BARRED BY STATUTE OF LIMITATIONS |

　　The court orders Plaintiff to show cause on or before ***January 21, 2022***, why this court should not recommend dismissal of his complaint as barred by the statute of limitations and denial of his request to proceed without prepayment of filing fees.

## I.
## **PROCEDURAL HISTORY**

On December 15, 2021, Plaintiff, proceeding *pro se*, constructively filed a civil rights complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging Eighth Amendment claims based on an incident alleged to have occurred on February 2, 2017. He names four defendants: Owner of the University of California Irvine ("UCI") Medical Center; Chief D. Valentin of the Santa Ana Police Department; Probation Officer M. Lesko; and the Santa Ana Police Department. (Compl. at 2-3, 6.)[1]

## II.
## **ALLEGATIONS OF COMPLAINT**

The complaint stems from incidents on February 2, 2017. Plaintiff alleges that he was parked outside a 7-11 with his son when Probation Officer Lesko did a random probation search. (Compl. at 6.) Plaintiff was beaten, tasered and blacked out. (*Id.* at 10.) Ambulance paramedics took him to the hospital and injected him with drugs he did not request. (*Id.*) Plaintiff woke up the next day at UCI Medical Center. He had IVs and machines that he did not request. The medical center did not take an MRI of his brain, back or neck. (*Id.*)

Plaintiff alleges Eighth Amendment claims against all defendants. (*Id.* at 4.) He seeks an apology, monetary relief and discipline of Chief Valentin and the gang unit of the Santa Ana Police Department. (*Id.* at 14-15.)

---

[1] Because the complaint is not paginated consecutively, the court cites page numbers assigned by CM/ECF in the header of the document.

## III.

## **STATUTE OF LIMITATIONS**

It appears that Plaintiff's suit is barred by the statute of limitations on the face of the complaint. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).

Federal courts apply the forum state's analogous statute of limitations to § 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In California, the applicable limitations period is two years. Cal. Civ. Proc. Code § 335.1. Assuming Plaintiff was incarcerated during the limitations period, he may be entitled to two additional years of statutory tolling under Cal. Civ. Proc. Code § 352.1(a). Federal courts also apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir.), *cert. denied*, 140 S. Ct. 388 (2019).

Federal law, however, governs when a claim accrues. *Id.; Wallace*, 549 U.S. at 388. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). "'The cause of action accrues even though the full extent of the injury is not then known or predictable.'" *Wallace*, 549 U.S. at 391 (citation omitted).

Plaintiff's complaint arises from the incident on February 2, 2017. Any § 1983 claim arising from this incident accrued on that date for all defendants except UCI Medical Center because Plaintiff was aware of his injuries at that time. For UCI Medical Center, the statute of limitations began to run on the next day, when Plaintiff woke up and saw IVs and machines that he alleges he did not request. *See Belanus*, 796 F.3d at 1025. The statute of limitations expired two years later. Even assuming Plaintiff has been incarcerated from February 2, 2017 through the filing of the complaint for a term less than life – which he does

not allege – and is therefore entitled to two years of statutory tolling under Cal. Civ. Proc. Code § 352.1(a), the statute of limitations expired four years later, or no later than February 3, 2021.

Accordingly, Plaintiff's complaint would be barred by the statute of limitations. The complaint does not indicate any basis for tolling the statute of limitations. "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'" *Fink*, 192 F.3d at 916 (citation omitted).

Moreover, Plaintiff's claims are defective for the following reasons.

### A.   *Bivens* Claims

Plaintiff alleges claims under *Bivens*. As the complaint form explains, a *Bivens* claim is available only against federal officials. *Bivens*, 403 U.S. at 389. The defendants named are not federal officials. Plaintiff cannot state *Bivens* claims and must proceed under 42 U.S.C. § 1983.

### B.   UCI Medical Center

Plaintiff sues the "owner" of the UCI Medical Center. UCI is part of the University of California. Plaintiff's claims for monetary damages are barred by Eleventh Amendment immunity. The University of California and the Board of Regents of the University of California are deemed instrumentalities of the state of California for purposes of the Eleventh Amendment. *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982). The Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state has consented to suit or Congress has abrogated its immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). California has not consented to be sued under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a state's Eleventh Amendment immunity. *See Dittman*

*v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), and *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985)).

### C. Chief Valentin

Plaintiff alleges that Defendant Valentin is the Chief of the Santa Ana Police Department but does not allege that he committed any acts or omissions that resulted in an alleged constitutional violation against him.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. A supervisory defendant may be liable under § 1983 if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The causal connection may be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.* at 1207–08. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1985) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.") Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### D. *Monell* Claims Against Santa Ana Police Department

A local government entity is not vicariously liable under § 1983 for its

employees or agents.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 694 (1978); *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).  If Plaintiff contends that individual employees are at fault, then he must name those individuals as defendants and allege what each of them did, or failed to do, in violation of his constitutional rights.

A local governmental entity may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.*  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see Monell*, 436 U.S. at 690-91, 694.  A local governmental entity is liable only if there is "a direct causal link" between its policies or customs and the alleged constitutional violation. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Plaintiff does not allege a police department policy, custom or longstanding practice, and does not allege how any such policy, custom or practice has a "direct causal link" to any constitutional violation against him.

## IV.

## ORDER

For the foregoing reasons, IT IS ORDERED THAT Plaintiff shall show cause in writing, by no later than ***January 21, 2022***, why the court should not recommend that the complaint be dismissed as barred by the statute of limitations and that Plaintiff's request to proceed without prepayment of fees be denied.

If Plaintiff fails to file a response to this order to show cause on or before ***January 21, 2022***, this court may recommend that the complaint be dismissed as

barred by the statute of limitations and that Plaintiff's request to proceed without prepayment of fees be denied.

DATED: December 21, 2021

          *Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge